IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID JACKMAN, JR., as Grantor and )
Trustee of the David Jackman, Jr., )
Revocable Trust, )
)
       Plaintiff, )
)
v. ) Case No. 06-1329-MLB-DWB
)
DAVID JACKMAN, III and )
KATHERINE L. HANSCOM, )
)
       Defendants. )
_____ )

## MEMORANDUM AND ORDER

Before the Court is Defendants' Joint Motion to Compel Arbitration (Doc. 8) and the supporting Memorandum (Doc. 9), filed on November 9, 2006. Plaintiff responded on December 4, 2006 (Doc. 12) and Defendants replied on December 15, 2006 (Doc. 15). After careful review of the parties' submissions, and the authority cited therein, the Court is prepared to rule on the Defendants' Motion.

### Factual Background

Plaintiff initially filed this action on October 6, 2006, in Butler County, Kansas, case number 2006 CV 488. Plaintiff requested a judicial dissolution of Tallgrass Management, LLC, the corporation he owns with Defendants ("the

Corporation"). Plaintiff contends the Corporation is "suffering or is threatened with irreparable injury because the members of Tallgrass are so deadlocked respecting the management of its affairs that the requisite vote for action cannot be obtained and the members are unable to terminate such deadlock." (Doc. 1, Exh. A, ¶5.) After both Defendants, who reside outside the State of Kansas, were served, they filed a Notice of Removal (Doc. 1), placing this matter in the jurisdiction of the District Court.

Defendants have jointly moved the Court for an order compelling arbitration on November 9, 2006, contending that the Corporation's Operating Agreement ("the Agreement") compels arbitration "of all claims, causes of action and disputes which may arise out of or in connection with this Agreement." (Doc. 9 at 2.) Plaintiff responded on December 4, 2006, arguing that the Agreement provides for corporate dissolution only by "written consent of a Majority in Interest" or judicial decree. (Doc. 12 at 3.) Defendants replied on December 15, 2006. (Doc. 15.)

## MAGISTRATE'S AUTHORITY TO STAY PROCEEDINGS AND COMPEL ARBITRATION

A federal magistrate judge may rule on non-dispositive matters. *See* 28 U.S.C. § 636(b)(1)(A). The District Courts that have considered the nature of an order to stay proceedings pending arbitration and to compel arbitration have

concluded that these are non-dispositive orders. ***Torrance v. Aames Funding Corp.***, 242 F.Supp. 2d. 862, 865 (D. Or. 2002); ***Herko v. Metro. Life Ins. Co.***, 978 F.Supp. 141, 142 n.1 (W.D.N.Y. 1997); *see also* ***Touton, S.A. v. M.V. Rizcun Trader***, 30 F.Supp. 2d 508, 509 (E.D. Pa. 1998) (staying proceedings pending arbitration is not injunctive relief under 28 U.S.C. § 636(b)(1)(A)).  In ***Herko***, the court discussed the matter in detail and concluded that

> § 9 of the FAA requires that the parties to arbitration must apply to the court for an order confirming an arbitration award, which shall be granted unless the award is vacated, modified or corrected in accordance with 9 U.S.C. §§ 10 and 11. Section 10 provides federal district courts with authority to make an order vacating an arbitration award, while § 11 permits modification of the same. Thus, as enacted, the FAA provides that there is no final exercise of Article III power until after arbitration is complete and the arbitrator's decision is either affirmed, modified, or vacated by the district court judge where the actions remain lodged.

978 F.Supp. at n. 1.  The Court, therefore, concludes that a motion to compel arbitration is non-dispositive.

The Tenth Circuit has taken a somewhat different approach concerning § 9 of the FFA, holding that judicial confirmation of an arbitration award is not "required."  In ***P&P Industries, Inc. v. Sutter Corp***., the Tenth Circuit held that "a district court has no power to confirm an arbitration award under § 9 of the FAA

3

unless the parties have agreed, explicitly or implicitly, that any eventual arbitration award shall be subject to judicial confirmation." 179 F.3d 861, 866 (citing ***Oklahoma City Assocs. v. Wal-Mart Stores, Inc.***, 923 F.2d 791, 794-95 (10th Cir. 1991)). The Agreement at issue does not explicitly anticipate judicial review of an arbitration award. To the contrary, it provides that the arbitrators' decision

> shall be final and binding upon the parties and shall not
> be appealable. The parties understand and agree that they
> are waiving all right to have all claims, causes of action
> or disputes adjudicated by a court or jury.

(Doc. 9, Exh. A-B, ¶10.2(e).)

The Operating Agreement does, however, require that the arbitration be held "in accordance with the Federal Arbitration Act, Title 9 of the U.S. Code, and the Commercial Arbitration Rules of the American Arbitration Association..." (*Id.*, ¶10.2(b).) The Tenth Circuit has held that such language amounts to an implicit agreement that any eventual arbitration award shall be subject to judicial confirmation. ***P&P Industries, Inc. v. Sutter Corp***., 179 F.3d at 866-68. The Agreement also contemplates "that judgment may be rendered in any court of competent jurisdiction on any award made by the arbitrators pursuant to this Agreement . . ." (Doc. 9, Exh. A-B, ¶10.2(f).)   Accordingly, because an Article III judge will ultimately be required to confirm, modify, or vacate any arbitration

award, the order to stay proceedings and compel arbitration is non-dispositive and is within the magistrate's authority.

## **STANDARD FOR DECIDING THIS MOTION**

In deciding a motion to stay proceedings and a motion to compel arbitration, the court follows a procedure similar to that used in ruling on a motion for summary judgment. ***Phox v. Atriums Mgmt. Co.***, 230 F.Supp. 2d 1279, 1282 (D. Kan. 2002); ***Klocek v. Gateway, Inc.***, 104 F.Supp. 2d 1332, 1336 (D. Kan. 2000). As the parties seeking to compel arbitration, Defendants bear the initial burden of showing that they are entitled to arbitration. ***Phox***, 230 F.Supp. 2d at 1282. If they satisfy this requirement, the burden then shifts to Plaintiff to show a genuine issue for trial, as provided under 9 U.S.C. § 4. *See id.*

Although § 4 of the FAA calls for a hearing (and perhaps a jury trial) when the parties disagree over whether there is an agreement to arbitrate, or whether one party has failed to comply with the agreement,[1] courts interpreting this language

---

[1] Section 4 of the FAA states, "If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. §4. Here, neither party disputes making the arbitration agreement. Rather, they dispute whether Plaintiff has failed to comply with the arbitration provision based on differing interpretations of the scope of the Agreement. (Doc. 5 at 2; Doc. 8 at 1.). Accordingly, they disagree on the "failure, neglect, or refusal to perform the same." 9 U.S.C. § 4; ***Saturday Evening Post Co. v. Rumbleseat Press, Inc.***, 816 F.2d 1191 (7th Cir. 1987).

have adhered to traditional requirements for hearings and juries. Hence, a court need not hold a hearing when the issues presented pose questions of law only. ***Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co.***, 706 F.2d 155, 159 (6th Cir. 1983); ***International Union of Operating Eng'rs, Local Union No. 139 v. Carl A. Morse, Inc.***, 529 F.2d 574, 581 (7th Cir. 1976). Similarly, the party opposing arbitration cannot obtain a jury trial without producing some evidence upon which a jury could find for him. *See* ***Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.***, 961 F.2d 1148, 1154 (5th Cir. 1992). Since Kansas considers the interpretation of unambiguous contract terms to be a question of law, ***Reimer v. Waldinger Corp.***, 265 Kan. 212, 214, 959 P.2d 914, 916 (1998), a hearing will only be required if Plaintiff raises genuine issues of material fact regarding whether the parties agreed to arbitrate the claims Plaintiff raises in this suit.

## ENFORCEABLE AGREEMENT TO ARBITRATE

In order to be enforceable, any agreement to arbitrate must be in writing. 9 U.S.C. § 2. The Court finds that ¶10.2 of the Agreement constitutes a written agreement between the parties to arbitrate "all claims, causes of action and disputes which may arise out of or in connection with this Agreement." Although the FAA does not require that agreements to arbitrate be signed, the fact that Plaintiff signed the Agreement provides further evidence that he assented to, and intended to be

6

bound by, the terms of the Agreement, including the arbitration clause. (Doc. 9, Exh. A-B, pg. 22.) Thus, the Court finds the existence of a written agreement to arbitrate disputes arising under or related to the Agreement. Furthermore, there is nothing in the arbitration clause that would otherwise render it unenforceable. *See* ***Shankle v. B-G Maint. Mgmt. of Colo., Inc.***, 163 F.3d 1230, 1234 (10th Cir. 1999); ***Cole v. Burns Intern. Sec. Services***, 105 F.3d 1465, 1482 (D.C. Cir. 1997).

## SCOPE OF ARBITRATION

In order to complete the inquiry under sections 3 and 4 of the FAA, the court must determine whether the disputes at issue fall within the scope of the arbitration provision. *See* 9 U.S.C. §§ 3-4. Because federal policy favors arbitration, any ambiguities regarding the scope of the agreement to arbitrate should be resolved in favor of arbitration. ***Mastrobuono v. Shearson Lehman Hutton, Inc.*** 514 U.S. 52, 62, 112 S. Ct. 1212, 1218, 131 L. Ed. 2d 76 (1995); ***Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.***, 460 U.S. 1, 24-25, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765 (1983); ***Williams v. Imhoff***, 203 F.3d 758, 764 (10th Cir. 2000). Moreover, disputes concerning "whether an arbitration clause in a concededly binding contract applies to a particular type of controversy is for the court" to decide. ***Howsam v. Dean Witter Reynolds,*** Inc., 537 U.S. 79, 83, 123 S.Ct. 588, 592, 154 L.Ed.2d 491 (2002).

The arbitration clause contained at ¶10.2 of the Agreement has a broad scope, reaching not only those disputes that "arise out of" the Agreement, but also those claims, causes of action and disputes that arise "in connection with" the Agreement.  Accordingly, any causes of action resulting from or related to the Agreement would fall within the scope of the arbitration clause.  See *P & P Industries, Inc.*, 179 F.3d at 871 (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 398, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967)).  This broad scope of the arbitration clause is further buttressed by language stating that "the provisions of this Section shall be a <u>complete defense to any suit, action, or other proceeding</u> instituted in any federal, state, or local court . . ."  (Doc. 9, Exh. A-B, ¶10.2(f) (emphasis added).)

The Court acknowledges Plaintiff's argument that the dissolution clause contained in the Agreement mentions only written consent by a "Majority in Interest" or judicial dissolution.  (Doc. 9, Exh. A-B, ¶9.1.)  Plaintiff contends that "the Court should apply [the Agreement's] plain meaning" and hold that the Agreement thus bars dissolution by arbitration.  The Court cannot agree with Plaintiff's reasoning.

In determining just how broadly to construe the agreement to arbitrate, the Court is mindful of the Supreme Court's admonition that "any doubts concerning

the scope of arbitrable issues should be resolved in favor of arbitration." ***Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.***, 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L. Ed. 2d 444 (1985).  As discussed above, the arbitration clause at issue requires that arbitration occur in accordance with the FAA and the Commercial Arbitration Rules of the AAA.  (Doc. 9, Exh. A-B, ¶10.2(b).)  Because this language constitutes an implicit agreement that any eventual arbitration award shall be subject to judicial confirmation, ***P&P Industries, Inc.***, 179 F.3d at 866-68, the Court finds dissolution by arbitration to be consistent with "entry of a decree of judicial dissolution" pursuant to ¶9.1(b) of the Operating Agreement.  Furthermore, the Court's interpretation of the Agreement does not violate the rule of construction that an agreement should be read to give effect to all terms of the agreement.  Here, the provision for judicial dissolution is not disregarded because, under K.S.A. § 17-76,117(a), such a judicial dissolution could occur, even over a member's objection, if the attorney general proceeds under the statute.

**IT IS THEREFORE ORDERED** that Defendants' Joint Motion to Compel Arbitration (Doc. 8) is **GRANTED**, and all proceedings in this matter shall be **STAYED** pending arbitration of the claims presently asserted by Plaintiff.

**IT IS FURTHER ORDERED** that the parties shall proceed to arbitration in accordance with the provisions of the arbitration clause.

**IT IS FURTHER ORDERED** that this court shall retain jurisdiction to review, modify, or vacate any arbitration awards, should any party choose to seek such action as permitted by the Federal Arbitration Act.

**IT IS FURTHER ORDERED** that the parties shall file a <u>joint</u> status report, not less than once every six (6) months (to begin six months from the date of this Order), regarding the progress of the arbitration.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, this 21st day of December, 2006.

    s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
U.S. MAGISTRATE JUDGE